JMJ7096
ABno
x 7972

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

Osvaldo COTA Ahumada,
Miguel Angel ANGULO Fierro,
Miguel AYALA Vazquez,
Jose Eleazar GARCIA-Hernandez,
Jose GUTIERREZ-Hernandez,
Cristobal Francisco HERNANDEZ-Hernandez,
Celerino HERNANDEZ-Sanchez,
Pedro Daniel MORENO-Magana,

Defendants.

Magistrate Docket No. 26mj5390

COMPLAINT FOR VIOLATION OF:
Title 8, USC 1324(a)(2)(B)(ii) Attempted Bringing in Aliens for Financial Gain; Title 18, USC, Sec. 2 Aiding and Abetting;

Title 8, USC 1326 Attempted Reentry After Deportation

The undersigned complainant being, duly sworn, states:

Count 1

On or about September 11, 2026, outside of the jurisdiction of any particular district, defendants Osvaldo COTA Ahumada and Miguel Angel ANGULO Fierro, who were first brought to the Southern District of California, with the intent to violate the immigration laws of the United States, knowing or in reckless disregard of the fact that certain aliens, namely, Constantino CALVA Hernandez, Marco Antonio IBOA Fierros and Yadira JERONIMO Guadalupe, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said aliens for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

Count 2

On or about September 11, 2026, outside of the jurisdiction of any particular district, defendant Miguel AYALA Vazquez, an alien, who was first brought to the Southern District of California and who previously had been excluded, deported and removed from the United States, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e. conscious desire, to enter the United States without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

Count 3

On or about September 11, 2026, outside of the jurisdiction of any particular district, defendant Jose Eleazar GARCIA-Hernandez, an alien, who was first brought to the Southern District of California and who previously had been excluded, deported and removed from the United States, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e. conscious desire, to enter the United States without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

Count 4

On or about September 11, 2026, outside of the jurisdiction of any particular district, defendant Jose GUTIERREZ-Hernandez, an alien, who was first brought to the Southern District of California and who previously had been excluded, deported and removed from the United States, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e. conscious desire, to enter the United States without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

Count 5

On or about September 11, 2026, outside of the jurisdiction of any particular district, defendant Cristobal Francisco HERNANDEZ-Hernandez, an alien, who was first brought to the Southern District of California and who previously had been excluded, deported and removed from the United States, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e. conscious desire, to enter the United States without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

Count 6

On or about September 11, 2026, outside of the jurisdiction of any particular district, defendant Celerino HERNANDEZ-Sanchez, an alien, who was first brought to the Southern District of California and who previously had been excluded, deported and removed from the United States, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e. conscious desire, to enter the United States without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

Count 7

On or about September 11, 2026, outside of the jurisdiction of any particular district, defendant Pedro Daniel MORENO-Magana, an alien, who was first brought to the Southern District of California and who previously had been excluded, deported and removed from the United States, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e. conscious desire, to enter the United States without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Dustin Sato-Smith
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON SEPTEMBER 14, 2026.

HON. MICHAEL S. BERG
United States Magistrate Judge

**CONTINUATION OF COMPLAINT:**
**Osvaldo COTA Ahumada ^ et al**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that Constantino Calva Hernandez, Marco Antonio Iboa Fierros and Yadira Jeronimo Guadalupe, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On September 10, 2026, at approximately 11:45 PM, the United States Coast Guard was notified by the Joint Harbor Operations Center that a vessel was approaching the maritime boundary line from Mexico. On September 11, 2026, the United States Coast Guard encountered the vessel with 15 individuals on board, approximately 14 nautical miles west of Mission Beach, San Diego, California. The United States Coast Guard observed the vessel was running dark and too many people on deck. The United States Coast Guard transported the 15 individuals and the vessel to Ballast Point to transfer custody to Border Patrol.

On September 11, 2026, Border Patrol Agent C. Lopez was conducting his assigned duties within the Imperial Beach Border Patrol Station's Area of Responsibility. Agent Lopez was wearing his agency-issued body armor displaying official patches and insignia. Agent Lopez responded to Ballast Point and conducted immigration inspection on 15 individuals in Coast Guard custody. All 15 individuals stated they are citizens and nationals of Mexico without immigration documents that allow them to enter or remain in the United States legally. At approximately 5:22 AM, Agent Lopez arrested all 15 individuals, including later identified as defendants Osvaldo COTA Ahumado, Miguel Angel ANGULO Fierro, Miguel AYALA Vazquez, Jose Eleazar GARCIA-Hernandez, Jose GUTIERREZ-Hernandez, Cristobal Francisco HERNANDEZ-Hernandez, Celerino HERNANDEZ-Sanchez, Pedro Daniel MORENO-Magana and material witnesses Constantino CALVA Hernandez, Marco Antonio IBOA Fierros and Yadira JEROMINO Guadalupe.

Defendant COTA was read his Miranda Rights, and he agreed to speak without the presence of a lawyer. COTA stated he is a national of Mexico. COTA stated a friend made arrangements that, if he operated a vessel, he would not have to pay any smuggling fees. COTA stated he was

**CONTINUATION OF COMPLAINT:**
**Osvaldo COTA Ahumada ^ et al**

instructed to make landfall in La Jolla in San Diego, California. COTA was shown a photographic lineup and identified the defendant, ANGULO, as the person helping him with refueling the gas tank.

Defendant ANGULO was read his Miranda Rights, and he agreed to speak without the presence of a lawyer. ANGULO stated he is a citizen and national of Mexico. ANGULO stated he was fueling the boat. ANGULO stated he did not know if he was going to get paid or how much it would have been. ANGULO stated he knew he was making an illegal entry into the United States. ANGULO was shown a photographic lineup and identified the defendant, COTA, as the person driving the vessel and handling the GPS.

Material witness CALVA stated smuggling arrangements were made on his behalf. CALVA stated he was to pay between $12,000 to $15,000 USD to be smuggled into the United States with an intended destination was Los Angeles, California. CALVA was shown a photographic lineup and identified the defendants, COTA, as the driver of the vessel and, ANGULO, as the co-pilot.

Material witness IBOA stated he arranged to be smuggled on a boat for a fee of approximately $15,000 USD once he arrived in Los Angeles. IBOA was shown a photographic lineup and identified the defendants, COTA, as the driver of the vessel and, ANGULO, as the co-operator.

Material witness JERONIMO stated smuggling arrangements were made on her behalf for a fee of $15,000 USD on her behalf. JERONIMO stated her intended destination was Los Angeles, California. JERONIMO was shown a photographic lineup and identified the defendant, COTA, as the driver of the vessel.

Routine record checks of the defendant AYALA Vazquez revealed an immigration history. The defendant's record was determined by a comparison of his immigration record and the defendant's current fingerprints. Official immigration records of the Department of Homeland Security revealed the defendant is not a citizen or lawfully admitted resident of the United States and was previously deported to Mexico on April 21, 2019. through Laredo, Texas. These

**CONTINUATION OF COMPLAINT:**
**Osvaldo COTA Ahumada ^ et al**

same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant GARCIA-Hernandez was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant stated that he is a citizen of Mexico illegally present in the United States. The defendant admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally. The defendant stated that he illegally entered the United States, on September 11, 2026, with an intended destination of Los Angeles, California.

Routine record checks of the defendant GARCIA-Hernandez revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprints. Official immigration records of the Department of Homeland Security revealed the defendant is not a citizen or lawfully admitted resident of the United States and was previously deported to Mexico on April 21, 2012, through Calexico, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant GUTIERREZ-Hernandez was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant stated that he is a citizen of Mexico illegally present in the United States. The defendant admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally. The defendant stated that he illegally entered the United States, on September 11, 2026, with an intended destination of Santa Clarita, California.

Routine record checks of the defendant GUTIERREZ-Hernandez revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprints. Official immigration records of the Department

**CONTINUATION OF COMPLAINT:**
**Osvaldo COTA Ahumada ^ et al**

of Homeland Security revealed the defendant is not a citizen or lawfully admitted resident of the United States and was previously deported to Mexico on May 11, 2015, through Laredo, Texas. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

Routine record checks of the defendant HERNANDEZ-Hernandez revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprints. Official immigration records of the Department of Homeland Security revealed the defendant is not a citizen or lawfully admitted resident of the United States and was previously deported to Mexico on November 27, 2025, through San Ysidro, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

Routine record checks of the defendant HERNANDEZ-Sanchez revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprints. Official immigration records of the Department of Homeland Security revealed the defendant is not a citizen or lawfully admitted resident of the United States and was previously deported to Mexico on April 15, 2020, through Hidalgo, Texas. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant MORENO-Magana was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant stated that he is a citizen of Mexico illegally present in the United States. The defendant admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally. The defendant stated that he illegally entered the United States, on September 11, 2026, with an intended destination of Seattle, Washington.

**CONTINUATION OF COMPLAINT:**
**Osvaldo COTA Ahumada ^ et al**

Routine record checks of the defendant MORENO-Magana revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprints. Official immigration records of the Department of Homeland Security revealed the defendant is not a citizen or lawfully admitted resident of the United States and was previously deported to Mexico on December 30, 2025, through Paso Del Norte, Texas. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

**Executed on September 12, 2026 at 11:00 AM.**

*Dustin Sato-Smith*

Dustin Sato-Smith
Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 5 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on September 11, 2026, in violation of 8 USC 1324(a)(2)(B)(ii).

HON. MICHAEL S. BERG
United States Magistrate Judge

**2:02 PM, Sep 12, 2026**
Date/Time